Michael J. HALL, M.D.,
Plaintiff–Appellant,

v.

THE NEW YORK HOSPITAL, The Society of New York Hospital, The New York Presbyterian Hospital, New York Weill–Cornell Medical Center, D. Jackson Coleman, M.D., in his individual capacity and as an aider and abettor, and Kip Dolphin, M.D., in his individual capacity and as an aider and abettor, Defendants–Appellants.

No. 04–0451.

United States Court of Appeals, Second Circuit.

Nov. 23, 2004.

Ambrose W. Wotorson, Brooklyn, NY, for Plaintiff–Appellant.

James S. Frank, Sills Cummis Epstein & Gross, P.C. (James M. Hirschhorn), New York, NY, for Defendants–Appellees, of counsel.

PRESENT: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Michael J. Hall ("Hall") alleges that he was discharged from his residency at The New York Presbyterian Hospital ("Hospital") in retaliation for lodging complaints that two of his patients, whom Hall describes as "black," were denied proper treatment by the Hospital and several of its senior physicians. In October 2000, Hall filed a suit against defendants alleging violations of 42 U.S.C. § 1981 and various state and local laws. The District Court dismissed Hall's claim under 42 U.S.C. § 1981 for failure to state a claim, and dismissed Hall's state claims without prejudice, by judgment dated December 18, 2003. The District Court predicated its dismissal of Hall's § 1981 claim on two independent bases. First, the court found that Hall had failed to allege that the senior physicians accused of denying treatment for discriminatory reasons knew that the patients were members of a racial minority. Second, the court found that Hall failed to allege "that he was fired by the hospital because he was advocating

the § 1981 rights of members of a racial minority."

Hall has not put forward any argument on appeal as to the second, independent reason for the District Court's decision, that is, that his complaint failed to allege that he was fired in retaliation for advocating the § 1981 rights of members of a racial minority. "When a party fails adequately to present arguments in an appellant's brief, we consider those arguments abandoned." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir.2004). Accordingly, we affirm the District Court's dismissal of Hall's § 1981 claim without reaching the District Court's other basis for dismissal—that Hall had failed to sufficiently allege that the senior physicians knew that the patients were members of a racial minority.

Hall also appeals from the District Court's denial of his motion for leave to file a Second Amended Complaint alleging an additional claim of retaliation under Title VII, 42 U.S.C. § 2000e, based on the same facts alleged in support of his § 1981 claim. We affirm the District Court because the allegations in the complaint fail to plead an interest protected by 42 U.S.C. § 2000e, which covers discriminatory employment practices taken against an employee "because he has opposed any practice made an unlawful employment practice [under Title VII]." 42 U.S.C. § 2000e–3(a). The allegedly discriminatory medical treatment given to certain of the Hospital's patients, which Hall allegedly opposed, is not an unlawful "employment practice" protected by Title VII. *See Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 135 (2d Cir.1999) (affirming grant of judgment as a matter of law where plaintiff police officer alleged that he was fired for having opposed the discriminatory practices of his employer to-

ward members of the public rather than toward co-employees).

We have considered all of Hall's arguments in support of his appeal and find them to be without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.